IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES LUEDTKE,** | |
| **Petitioner,** | |
| v. | Case No. 3:25-CV-942-NJR |
| **THOMAS LILLARD,** | |
| **Respondent.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner James Luedtke. (Doc. 1). Luedtke is serving 37 years' imprisonment after a jury convicted him for bank robbery, brandishing a gun during a crime of violence, possessing a weapon as a felon, and two counts of making false statements to obtain a gun. *See United States v. Luedtke*, 125 F. App'x 732 (2005).

Luedtke is currently incarcerated at the Federal Correctional Institution— Greenville, which is within the Southern District of Illinois. In his § 2241 Petition, Luedtke asserts that the sentencing court made legal errors by assessing 12 criminal history points. (*Id.*). Specifically, Luedtke claims that four points were added for crimes he was not charged with or convicted of, two points were added for a bogus harassment charge, and six points were added for convictions that were more than 15 years old. (*Id.*). Luedtke also avers that he is entitled to an additional point reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines because he was on parole at the

time of his offense, for a total of 13 points that should be deducted.[1] Finally, Luedtke claims that a state firearm charge was improperly used to sentence him as a career offender. (*Id.*).

The Petition is now before the Court for preliminary review under Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes the Court to apply this rule to cases filed under § 2241.

An inmate may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). But if the inmate is claiming his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, he must file a motion under 28 U.S.C. § 2255. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022) ("A § 2255 motion is the default—and usually the exclusive—vehicle for federal prisoners to seek collateral relief."); *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e).

---

[1] A review of Luedtke's criminal case indicates he filed a *pro se* motion under Amendment 821, which was denied by the sentencing court. *United States v. Luedtke*, Case No: 1:03-cr-00037-WCG-1, Doc. 162 (E.D. Wis. Oct. 25, 2024).

"Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Furthermore, a prisoner is limited to one § 2255 motion and may only be permitted to file a second or successive motion if there is "newly discovered evidence" or "a new rule of constitutional law." § 2255(h). Prisoners cannot use § 2241 as an end-run around this requirement. *Jones*, 599 U.S. at 477-78.

Here, Luedtke asserts that the sentencing court inappropriately added a total of 12 criminal history points for crimes he did not commit and prior convictions that were more than 15 years old. He also claims the sentencing court wrongly classified him as a career offender and that he is entitled to another one-point reduction under Amendment 821. Ultimately, Luedtke seeks to be resentenced with a lower criminal history score and not as a career offender.

Because Luedtke is collaterally challenging his sentence and claims legal errors committed by the sentencing court,[2] he is not entitled to relief under § 2241. Instead, Luedtke must bring a motion under § 2255 in the sentencing court. Luedtke states that he already filed a § 2255, but he only recently discovered the sentencing errors. Therefore, he claims, there is nothing left to correct the errors but § 2241. As the Supreme Court recently made clear, however, prisoners cannot use § 2241 to get around the limit in

---

[2] Luedtke attempts to reframe the claimed sentencing errors as a mistake by the Bureau of Prisons in calculating his total sentence, but acknowledges that "of course, the initial incorrect sentence computation came from the district court, not the BOP."

§ 2255 on second or successive collateral attacks on their sentences. *Jones*, 599 U.S. at 480.

Because it plainly appears that Luedtke is not entitled to relief, his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**. Luedtke's Motion for Appointment of Counsel (Doc. 2) is **DENIED**.

If Luedtke wishes to appeal this Order, he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). If Luedtke chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Luedtke files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

It is not necessary for Luedtke to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk's Office is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED:  June 26, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**