IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES LUEDTKE, | |
| Petitioner, | |
| v. | Case No. 3:25-CV-942-NJR |
| THOMAS LILLARD, | |
| Respondent. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Reconsideration filed by Petitioner James Luedtke. (Doc. 12). On June 26, 2025, the undersigned dismissed Luedtke's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on preliminary review under Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. (Doc. 10). Luedtke asserts this dismissal was illegal and violated court precedent, common sense, and basic decency. (Doc. 12).

As the Court recounted in its Order dismissing the Petition, Luedtke is serving 37 years' imprisonment after a jury convicted him of bank robbery, brandishing a gun during a crime of violence, possessing a weapon as a felon, and two counts of making false statements to obtain a gun. *See United States v. Luedtke*, 125 F. App'x 732 (2005) (affirming Luedtke's conviction on appeal). In his Petition, Luedtke asserted that the sentencing court erred by adding criminal history points that he should not have been assessed. (Doc. 1). He claimed that four points were added for crimes he was not charged

with or convicted of, two points were added for a bogus harassment charge, and six points were added for convictions that were more than 15 years old. Additionally, Luedtke claimed a state firearm charge was inappropriately used as a predicate offense to charge him as a career offender. Finally, Luedtke asserted he was entitled to an additional point reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines because he was on parole at the time of his offense.[1]

The undersigned dismissed the Petition because Luedtke's challenge was not to the execution of his sentence, as is permitted under § 2241, but rather a claim regarding the imposition of his sentence by the district court. (Doc. 10). In his Petition, Luedtke acknowledged that "of course the initial incorrect sentence computation came from the district court, not the [Bureau of Prisons]," but he asserted that did not matter because the BOP "chose to maintain the incorrect sentence computation which confers 28 U.S.C. 2241 jurisdiction here." The Court rejected Luedtke's attempt to construe his Petition as an attack on BOP's execution of his sentence, finding that Luedtke was actually claiming legal errors committed by the sentencing court—and such claims must be brought under 28 U.S.C. § 2255 in the sentencing court. *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Luedtke then filed the present motion, which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may

---

[1] The Court observed that Luedtke had filed a *pro se* motion under Amendment 821 in his criminal case, which was denied by the sentencing court. *United States v. Luedtke,* Case No: 1:03-cr-00037-WCG-1, Doc. 162 (E.D. Wis. Oct. 25, 2024).

be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' " *Oto v. Metropolitan Life Ins. Co.*, 224 F.2d 601, 606 (7th Cir. 2000).

In his motion, Luedtke asserts that the Court "totally ignored the fact [that] 2241 can be used for incorrect calculations" by the BOP. He claims the BOP was notified of the incorrect sentence computation, yet it did nothing to correct his sentence. According to Luedtke, "that means the incorrect sentence computation lies with the BOP (instead of the district court)." Clearly, says Luedtke, the undersigned "did not even bother to read any of the case law in the habeas corpus" and "ignoring relevant case law is clear error and abuse of discretion." As support for his proposition that the undersigned erred in not considering "pertinent precedent," Luedtke cites to *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013), and *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011).

Neither case helps Luedtke. In *Narvaez*, the defendant filed his case under § 2255, which is exactly what this Court has told Luedtke he must do.

In *Brown*, the petitioner argued he should not have been sentenced as a career offender because one of his prior convictions no longer qualified as a crime of violence under U.S.S.G. § 4B1.1. *Brown*, 719 F.3d at 586. But because he had already filed a § 2255 petition, his only option was to file a petition under § 2255(e)'s savings clause. The Seventh Circuit, relying on *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), found that Brown could use the savings clause to challenge, under § 2241, the misapplication of the career

offender guideline because it was a "a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding." *Id.* at 588. *Davenport* has now been overruled by *Jones*, which held that a petitioner cannot get around the restrictions on second or successive § 2255 motions by filing a § 2241 petition. *Jones*, 599 U.S. at 477–78 (2023). The Seventh Circuit has explained this to Luedtke. *See Luedtke v. Lillard*, No. 24-2615 (7th Cir. 2025) (explaining *Jones* and summarily affirming the denial of Luedtke's petition for a writ of habeas corpus under 28 U.S.C. § 2241 and the savings clause of § 2255(e)).

Luedtke further claims that the undersigned misapplied *Jones* and erred in refusing to make any determination at all on the merits of his claims. The Court disagrees. As explained, Luedtke is challenging the imposition of his sentence by the district court—not the execution of his sentence by the BOP—and the errors he raises must be brought under § 2255 in the sentencing court. *See Carnine v. U.S.*, 974 F.2d 924, 927 (7th Cir. 1992) (where alleged error occurred at or prior to sentencing, the remedy is under § 2255, not § 2241). Although Luedtke has previously filed at least one § 2255,[2] he can seek permission from the Seventh Circuit Court of Appeals to file a successive petition.

For these reasons, the Motion for Reconsideration filed by Petitioner James Luedtke (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 11, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] *Luedtke v. United States*, No. 05-C-0489, 2005 WL 1229686, at *5 (E.D. Wis. May 23, 2005).